UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VICTOR M. KENNEDY,

      Petitioner,

      v.                                    Case No. 06-C-0278

CATHERINE FARREY, Warden,

      Respondent.

---

**ORDER ON RULE 4 REVIEW**

---

On March 8, 2006, the petitioner, Victor M. Kennedy ("Kennedy"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition and the submissions filed therewith, on November 15, 1994, Kennedy was convicted of first-degree reckless homicide, while armed, in violation of Wis. Stats. §§ 940.02(1) and 939.63(1)(A)(2), by a jury in the Milwaukee County Circuit Court. Kennedy was sentenced to serve forty (40) years incarceration.

Thereafter, Kennedy filed a motion seeking postconviction relief which was denied by the Milwaukee County Circuit Court on June 12, 1996. On January 27, 1998, the Wisconsin Court of Appeal issued an order affirming both the judgment of conviction and the order denying Kennedy's postconviction motion. On February 25, 1998, the Wisconsin Supreme Court denied Kennedy's petition for review.

Over three years later, on October 27, 2003, Kennedy filed another motion for postconviction relief pursuant to Wis. Stats. § 974.06 and *State ex. rel Rothering v. McCaughtry*, 205 Wis. 2d 675 (Ct. App. 1996), based on Kennedy's contention that postconviction counsel was ineffective for

failing to raise or investigate certain claims. On November 4, 2003, the Milwaukee County Circuit Court denied the motion. On November 23, 2004, the Wisconsin Court of Appeals affirmed the trial court's decision. On March 8, 2005, the Wisconsin Supreme Court denied Kennedy's petition for review.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

Simply stated, the procedural scenario set forth above suggests that Kennedy's habeas corpus petition may be barred by the federal habeas corpus statute of limitations as found in Title 28 U.S.C. § 2244(d)(1). That statute provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date of which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations applies to petitions which, like Kennedy's petition, are filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), to wit, April 24, 1996. *See Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002).

Given the foregoing, the respondent will be ordered to file a brief addressing the question of the timeliness of Kennedy's federal habeas petition and whether the provisions of § 2244(d) bar his petition. Kennedy will be ordered to file a brief in response to the respondent's brief.

**NOW THEREFORE IT IS ORDERED** that <u>on or before April 14, 2006</u>, the respondent shall file a brief addressing the question of the timeliness of Kennedy's federal habeas petition and whether the provisions of § 2244(d) bar his petition;

**IT IS FURTHER ORDERED** that <u>on or before May 15, 2006</u>, the petitioner shall file a brief in response to the respondent's brief and address therein the question of the timeliness of his petition and whether the provisions of § 2244(d) bar his petition.

**SO ORDERED** this <u>10th</u> day of March 2006, at Milwaukee, Wisconsin.

<u>/s/ William E. Callahan, Jr.</u>
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

3