# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**VICTOR M. KENNEDY,**
                    **Petitioner,**

    **v.**                                                    **Case No. 06-C-0278**

**CATHERINE FARREY, Warden,**
                    **Respondent.**

---

## DECISION AND ORDER

On March 8, 2006, the petitioner, Victor M. Kennedy, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the rules governing habeas petitions, Magistrate Judge William Callahan ordered that the parties brief the issue of timeliness under § 2254(d)(2). Respondent now moves to dismiss petitioner's petition as untimely. Petitioner argues that his habeas petition is timely as he filed it within one year following the Wisconsin Supreme Court's review of his collateral attack. Alternatively, he contends that I should equitably toll the one year limitations period because he did not have access to appropriate legal materials.

On November 15, 1994, petitioner was convicted of first-degree reckless homicide, while armed, in violation of Wis. Stats. §§ 940.02(1) and 939.63(1)(A)(2), by a jury in the Milwaukee County Circuit Court. Petitioner was sentenced to serve forty (40) years in prison. Thereafter, petitioner filed a motion seeking post-conviction relief[1] which was

---

[1]Wisconsin provides several avenues for post-conviction relief. Following a conviction and sentence, a defendant may file both a direct appeal, pursuant to the Wisconsin Constitution, Article I, § 21(1) and Wis. Stat. § 809.30 and a post-conviction motion under Wis. Stat. § 974.02. State ex rel. Coleman v. McCaughtry, 290 Wis.2d 352, 361 (2006).

denied by the Milwaukee County Circuit Court on June 12, 1996. On January 27, 1998, the Wisconsin Court of Appeal issued an order affirming both the judgment of conviction and the order denying petitioner's postconviction motion. On February 25, 1998, the Wisconsin Supreme Court denied petitioner's petition for review. On October 27, 2003, petitioner filed another motion for postconviction relief[2] pursuant to Wis. Stats. § 974.06 and State ex. rel Rothering v. McCaughtry, 205 Wis. 2d 675 (Ct. App. 1996), based on petitioner's contention that post conviction counsel was ineffective for failing to raise or investigate certain claims. On November 4, 2003, the Milwaukee County Circuit Court denied the motion. On November 23, 2004, the Wisconsin Court of Appeals affirmed the trial court's decision. On March 8, 2005, the Wisconsin Supreme Court denied petitioner's petition for review.

For persons in custody pursuant to the judgment of a state court § 2254(d)(1) imposes a one year period of limitation for filing federal habeas petitions. Although other exceptions exist, generally the limitation period runs from the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2254(d)(1)(a). However, the one year period is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). "An application

---

[2] Following direct appeal, a defendant in a criminal case may collaterally attack his conviction pursuant to a Wis. Stat. § 974.06 motion or by filing a petition for writ of habeas corpus. State ex rel. Coleman, 290 Wis.2d at 361. Wisconsin's rules on collateral attack are more liberal than their federal counterparts. A collateral attack filed pursuant to Wis. Stat. § 974.06 may be filed at any time, and Wisconsin does not expressly provide a time limit on filing habeas petitions, although such petitions are subject to the equitable defense of laches. Id.

is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Generally speaking, an application is "pending" during the state post-conviction process, including the subsequent timely filing of a notice of appeal to a higher state court; state processes end when the time to seek further review expires. Carey v. Saffold, 536 U.S. 214, 224 (2002). After the statutory time to appeal has expired, the federal limitations period is not tolled continually merely because the petitioner, at any time, may file an original petition in state court for collateral relief. Id. at 224; see also Fernandez v. Sternes, 227 F.3d 977, 979 (7th Cir. 2000) (noting that if a state allows a second collateral attack "the prospect of revival does not make a case 'pending' in the interim").

In the present case, the Wisconsin Supreme Court denied petitioner's petition for post-conviction review on February 25, 1998; thus petitioner's one year period for filing for federal habeas relief expired, at maximum, on May 26, 1999. See Clay v. United States, 537 U.S. 522, 529 (2003). Petitioner did not collaterally attack his conviction in state court until October 27, 2003. Thus, the tolling provisions of § 2244(d)(2) are inapplicable and AEDPA bars plaintiff's federal habeas petition. Petitioner's contention that the continued availability of state collateral review tolled the limitation period until he filed for collateral review in state court is without merit. Petitioner does not assert that any of the other exceptions in § 2244(d)(1) are applicable and a petitioner may not circumvent the statute of limitations period by filing a collateral state petition "years after the limitations period expired, so long as the state court eventually entertained it on its merits." Johnson v. McCaughtry, 265 F.3d 559, 564 (7th Cir. 2001).

Next, I turn to petitioner's assertion that the one year period should be equitably

3

tolled because he did not have access to appropriate materials during the limitations period.  The federal habeas petition's one-year limitation period is not jurisdictional and, therefore, is subject to equitable tolling. Taliani v. Chrans, 189 F.3d 597, 597-98 (7th Cir.1999). However, equitable tolling is granted sparingly and only when "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." United States v. Marcsello, 212 F.3d 1005, 1010 (7th Cir. 2000).  To be entitled to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida  127 S.Ct. 1079, 1085 (2007) (citations and quotations omitted).

Petitioner asserts that he was transferred to several out-of-state private correctional facilities beginning in 1998, first to a facility in Oklahoma and subsequently to a facility in Tennessee, where he lacked appropriate research materials.  Further, in 2000, petitioner contends that he was transferred to Wisconsin supermax as a punitive measure, and his criminal case was put on hold to address the violation of his constitutional rights. Petitioner asserts that he was successful in his challenge to his placement in supermax and the Wisconsin Department of Corrections subsequently placed him in a lower-security facility and expunged his records of all allegations in July of 2001.[3]

In some circumstances lack of access to research materials may serve as an extraordinary circumstance required for equitable tolling.  See Espinoza-Matthews v. California, 432 F.3d 1021 (9th Cir. 2005).  However, I need not address whether petitioner's circumstances constitute the extraordinary circumstances necessary for

---

[3]Petitioner does not contend that research materials were unavailable when he was housed in "supermax."

4

equitable tolling, as petitioner has not demonstrated that he was pursuing his rights diligently. Petitioner inexplicably waited until October 23, 2003, to file his successive state collateral attack, and waited until March 8, 2006, to file his federal habeas petition, over two and almost five years respectively since his release from supermax in July, 2001.[4]   As such, petitioner's time for filing his habeas petition is subject neither to statutory nor equitable tolling, and I must dismiss his petition as untimely.

Therefore, for the foregoing reasons,

**IT IS ORDERED** that respondent's motion to dismiss petitioner's petition is **GRANTED**.

Dated at Milwaukee, Wisconsin this 1 day of March, 2007.

/s_____
LYNN ADELMAN
District Judge

---

[4]Even if petitioner was concerned that he had unexhausted state court claims, he could have filed his federal habeas petition and requested that the court stay his petition to allow him to pursue any unexhausted claims. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (noting that "[a] prisoner seeking state post-conviction relief . . . [may file a] 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.")   However, here, petitioner did not do so.