# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VICTOR M. KENNEDY**
        **Petitioner,**

    **v.**                                                      **Case No. 06c0278**

**CATHERINE FARREY, Warden,**
        **Respondent.**

## DECISION AND ORDER

On March 1, 2007, I dismissed petitioner Victor Kennedy's habeas petition. Currently before me is his request for a certificate of appealability.

### I. CERTIFICATE OF APPEALABILITY

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The certificate may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a COA it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

1

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

I dismissed petitioner's petition for failing to file his petition within the AEDPA one year period of limitations set forth in § 2244(d)(2). I additionally concluded that petitioner was not entitled to equitable tolling. Petitioner asserts that he will raise one issue on appeal, namely whether the AEDPA one year period of limitations applies when he is required to exhaust his state administrative remedies before seeking federal habeas review and the state sets forth more liberal filing requirements.

However, such claim already has been heard and rejected by the Seventh Circuit. See Johnson v. McCaughtry, 265 F.3d 559, 564 (2001) (holding that a habeas petitioner may not circumvent the statute of limitations period by filing a collateral state petition "years after the limitations period expired, so long as the state court eventually entertained it on its merits.") As noted, petitioner could have filed his federal habeas petition and requested that the court stay his petition to allow him to pursue any unexhausted claims. See Pace v.

DiGuglielmo, 544 U.S. 408, 417 (2005) (noting that "[a] prisoner seeking state post-conviction relief . . . [may file a] 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.")

Here, petitioner inexplicably waited until October 23, 2003, to file his successive state collateral attack, and waited until March 8, 2006, to file his federal habeas petition, over two and almost five years respectively since his release from supermax in July, 2001. As such, petitioner's time for filing his habeas petition is subject neither to statutory nor equitable tolling.

Thus, for the same reasons as set forth in my March 1, 2007, decision and order and for the reasons set forth above, petitioner has not made a substantial showing of the denial of any constitutional right. I do not believe jurists of reason would differ as to any of the issues he presented in this case, and I do not believe these issues should proceed further.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 23 of July, 2007.

/s_____
LYNN ADELMAN
District Judge