# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VICTOR M. KENNEDY,
        Petitioner,

v.                                            Case No. 06-C-278
                                               Appeal No. 07-2806

TIMOTHY LUNDQUIST, Warden,[1]
        Respondent.

## MEMORANDUM AND ORDER

On March 15, 2007, habeas petitioner Victor M. Kennedy filed a request for a certificate of appealability to appeal my dismissal of his habeas petition. I denied this request on July 23, 2007, and the request was subsequently construed as a notice of appeal. On August 30, 2007, petitioner filed a motion in the Seventh Circuit Court of Appeals to proceed in forma pauperis on appeal so that he may avoid paying the appellate filing fee of $455.[2] The Seventh Circuit noted, however, that the motion should have been filed first in this court, and it therefore transferred the motion to this court for a ruling.

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that

---

[1] The original respondent, Catherine Farrey, retired as warden of the New Lisbon Correctional Institution. Timothy Lundquist replaced her as warden. I have amended the caption to reflect this change.

[2] Petitioner was not in forma pauperis at the district court level because he paid the $5 filing fee in this court. The jump in price makes his current request understandable.

an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. Coppedge v. United States, 369 U.S. 438, 445 (1962); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, Coppedge, 369 U.S. at 445, meaning that a reasonable person could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026. The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

I initially dismissed the habeas petition for failing to file it within the AEDPA one year period of limitations set forth in § 2244(d)(1), and because I additionally concluded that § 2244(d)(2) was inapplicable and that petitioner was not entitled to equitable tolling. In his subsequent request for a certificate of appealability, petitioner asserted that he would raise one issue on appeal, namely whether the AEDPA one year period of limitations applies when he is required to exhaust his state administrative remedies before seeking federal habeas review and the state sets forth more liberal filing requirements. But as I noted in my decision denying his request, the Seventh Circuit has already considered and rejected such an argument. See Johnson v. McCaughtry, 265 F.3d 559, 564 (7th Cir. 2001) (holding that a habeas petitioner may not circumvent the statute of limitations period by filing a collateral state petition "years after the limitations period expired, so long as the state court eventually entertained it on its merits.")

Thus, for the same reasons as set forth in my decision and order denying petitioner's request for a certificate of appealability and for the reasons set forth above, I find that no reasonable person could suppose petitioner's appeal to have any merit.

2

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, pursuant to 28 U.S.C. §1915(a)(3), I certify that the appeal is not taken in good faith and that petitioner is not entitled to proceed in forma pauperis on appeal.

The petitioner incurred the filing fee by filing the notice of appeal. Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), overruled on other grounds by Lee, 209 F.3d at 1026-27. The fact that I am denying the request to proceed in forma pauperis on appeal means that the full filing fee of $455 is due within fourteen days of this order. Seventh Circuit Rule 3(b). Failure to pay in full within the time limit may result in dismissal. Id.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion to proceed in forma pauperis on appeal is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10 day of October, 2007.

/s_____
LYNN ADELMAN
District Judge